**Larry Lee CHRISTIANSEN, Appellant,**

v.

**Joseph C. O'CONNOR, Sheriff of San Diego County, State of California, Appellee.**

**No. 21351.**

United States Court of Appeals
Ninth Circuit.

March 16, 1967.

Lyle L. Richmond, Jr., San Diego, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., James D. Keller, Dist. Atty., San Diego, Cal., for appellee.

Before WASHINGTON,* HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM.

, Larry Lee Christiansen, in California penal custody following his conviction and sentence for grand theft, applied to the district court for a writ of habeas corpus. His one ground for relief was that he had been denied a speedy trial, and that this contravened his constitutional rights under the Sixth Amendment which, he asserts, is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. The district court denied the application and Christiansen appeals.

Christiansen filed his application on June 8, 1966, which was one day before his state trial and conviction. The district court denied his application on July 8, 1966, which was after Christiansen's state conviction, but before sentence was pronounced on August 30, 1966. He has an appeal from his state conviction and sentence now pending in the California appellate court, in which appeal he has raised his speedy trial question.

While Christiansen has not exhausted his state remedies in the criminal proceeding, he did, prior to the state trial, seek relief by way of prohibition or mandamus in the California District Court of Appeal and the California Supreme Court. Apparently on the basis of these and other pre-trial state proceedings, the district court, in this habeas corpus proceeding, held that Christiansen had exhausted his state remedies, but. denied the application on the merits.

In our opinion Christiansen has not exhausted his state remedies in view of the fact that his state appeal from the criminal conviction is still pending. On this ground, and without prejudice to Christiansen's right to raise a constitutional question at the proper time, if he so desires (cf. Hoag v. State of New Jersey, 356 U.S. 464, 472, 78 S.Ct. 829, 2 L.Ed.2d 913; Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, decided March 13, 1967), the order denying the application is

Affirmed.

* Judge George T. Washington of the District of Columbia Circuit, sitting by designation.