**Elmer Robert HYDE, Petitioner,**

v.

**Peter PITCHESS, Sheriff, Los Angeles County, Respondent.**

**Civ. No. 68–2021.**

United States District Court
C. D. California.

Feb. 14, 1969.

Elmer Robert Hyde, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Michael L. Abrams, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

HAUK, District Judge.

Petitioner, a California state prisoner in custody prior to his trial on a charge of robbery, here seeks a writ of habeas corpus on various grounds. This Court must deny this petition. Title 28 United States Code § 2254 expressly requires exhaustion of all State remedies before petitioning the Federal Courts for a writ of habeas corpus unless:

"* * * there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

Neither of these exceptions to the general rule is present in the facts of this case. Rather, the facts lend themselves to a direct application of 28 United States Code § 2254(c) which provides:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

For these reasons, and pursuant to the principles set forth in Christiansen v. O'Connor, 378 F.2d 364 (9th Cir.1967), this Court concludes that petitioner is not entitled to relief at this time. However, it is obvious and we rule that this Order is without prejudice to petitioner's right to raise constitutional questions at a later and proper time if he is so disposed.

Therefore, it is hereby ordered that the petition for writ of habeas corpus be, and the same is, denied.