378 F.2d 141
 Lawrence E. WILSON, Warden California State Prison, San Quentin, California, Petitioner,
v.
The Honorable George B. HARRIS, Judge of the United States District Court for the Northern District of California, Respondent.
 No. 21365.
 United States Court of Appeals Ninth Circuit.
 May 10, 1967.
 
 Thomas C. Lynch, Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., Derald E. Granberg, Charles R. B. Kirk, Deputy Attys. Gen., San Francisco, Cal., for appellant.
 J. Stanley Pottinger, Broad, Busterud & Khourie, San Francisco, Cal., for appellee.
 Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.
 HAMLEY, Circuit Judge:
 
 
 1
 In this original proceeding for a writ in the nature of mandamus or prohibition, questions are presented concerning the right of an applicant for a federal writ of habeas corpus to propound written interrogatories in aid of his application.
 
 
 2
 The related habeas corpus proceeding was commenced by Alfred Walker in the United States District Court for the Northern District of California. Walker v. Wilson, Docket No. 44385. He is an inmate at California State Prison, San Quentin, California, under a judgment of conviction, and sentence, for illegal possession of marihuana. The marihuana was found in his hotel room. In his habeas corpus application, Walker alleged that the marihuana was obtained as a result of an unlawful search and seizure and that his rights under the Due Process Clause of the Fourteenth Amendment were therefore violated.
 
 
 3
 In an effort to discover evidence which would be helpful to Walker in this habeas corpus proceeding, Walker's court-appointed counsel served upon counsel for the warden a set of four written interrogatories, purportedly pursuant to Rule 33, Federal Rules of Civil Procedure. Walker's counsel directed these interrogatories to the warden. The interrogatories, intended for discovery purposes, were designed to disclose the reliability of the informant, Frances Jenkins, upon whom Sgt. T. Hilliard had relied in making the warrantless arrest of Walker, incident to which Sgt. Hilliard made the search and seizure.
 
 
 4
 In particular, the warden was called upon to state whether, prior to the time of Walker's arrest, Sgt. Hilliard had made any other arrests or searches upon the basis of information supplied by Frances Jenkins. If the answer to this question was affirmative, the warden was asked to give the particulars as to each such prior arrest or search, including the disposition of the case.[1]
 
 
 5
 Counsel for the warden objected upon the ground that discovery interrogatories are not authorized in federal habeas proceedings. The district court overruled the objection and ordered the warden to answer the interrogatories. The warden then instituted this proceeding in the nature of mandamus or prohibition to have the district court order set aside or its enforcement restrained.
 
 
 6
 Rule 33, upon which Walker relied in serving the interrogatories, authorizes the propounding of written interrogatories to a party to the action. Rule 26, Federal Rules of Civil Procedure, pertains to the taking of the testimony of any person by deposition, which deposition may be upon oral examination or written interrogatories. Information obtained under either rule may be used as evidence at a trial to the extent provided in Rule 26(d), or for discovery purposes.
 
 
 7
 The warden contends, however, that in view of Rule 81(a) (2) of the Federal Rules of Civil Procedure, quoted in the margin,[2] Rules 26 and 33 do not provide authority for utilization of discovery interrogatories in habeas proceedings.
 
 
 8
 Rule 81(a) (2) pertains to, and in general limits the application of, the Federal Rules of Civil Procedure with respect to certain enumerated special proceedings, including habeas corpus. Concerning the particular problem which confronts us here, we construe Rule 81 (a) (2) to provide as follows: The Federal Rules of Civil Procedure relating to discovery interrogatories are applicable in habeas proceedings provided both of the following conditions are satisfied: (1) discovery interrogatories in habeas proceedings are not otherwise provided for in statutes of the United States, and (2) the discovery practice in habeas proceedings, prior to the effective date of the Federal Rules of Civil Procedure, conformed to the then discovery practice in actions at law or suits in equity.
 
 
 9
 The warden contends that neither of these conditions is present and that Rule 81(a) (2) therefore precludes the application of Rules 26 and 33 in habeas proceedings.
 
 
 10
 Concerning the second condition, the warden argues that, prior to September 16, 1938, when the Federal Rules of Civil Procedure became effective, discovery was not available in federal habeas proceedings. In response to this contention Walker is unable to point to any instance in which discovery procedure was used in habeas proceedings prior to September 16, 1938. Nor has our research disclosed any such practice.
 
 
 11
 Walker argues, however, that habeas proceedings are civil in nature and contends that since, prior to September 16, 1938, discovery practice was available in civil proceedings in general, it must be assumed that discovery was available in habeas proceedings. We do not believe that the second condition of Rule 81(a) (2) can be satisfied on such a theoretical basis. In our view, that condition is met only if it can be shown that, prior to September 16, 1938, discovery was actually being used in habeas proceedings, and that such use conformed to the then discovery practice in actions at law or suits in equity. No such showing has been made.
 
 
 12
 We therefore conclude that, by reason of the failure to satisfy the second condition of Rule 81(a) (2), the discovery-interrogatory procedure of Rules 26 and 33 is not available in habeas proceedings.[3]
 
 
 13
 Although not specifically raised by respondent, the question remains whether, independent of the Rules, some statute of the United States authorizes discovery interrogatories in habeas proceedings. The only statute which seems to have any relevancy is 28 U.S.C. § 2246 (1964), quoted in the margin.[4]
 
 
 14
 The first sentence of section 2246 authorizes depositions in habeas proceedings. It is reasonable to assume that Congress meant "depositions" to include written interrogatories as well as oral examination, since that term is so used in Rule 26, which had been in effect for ten years when section 2246 was enacted on June 25, 1948. However, this sentence of section 2246 clearly indicates that the depositions therein authorized may be used only for the purpose of obtaining "evidence," and not for general discovery purposes.[5]
 
 
 15
 The second sentence of section 2246 does not purport to authorize discovery interrogatories in habeas proceedings. That sentence pertains only to interrogatories designed to produce evidence admissible at the habeas hearing, and then only in response to affidavits which are admitted in evidence.
 
 
 16
 We therefore conclude that neither 28 U.S.C. § 2246, nor the Federal Rules of Civil Procedure, considered separately or together, authorize the propounding of discovery interrogatories in habeas proceedings.
 
 
 17
 The order authorizing the interrogatories directed to the warden is vacated.
 
 
 
 Notes:
 
 
 [1]
 The interrogatories also required the warden to indicate whether, as to any such prior arrests or searches, Sgt. Hilliard relied in part upon any information in addition to that supplied by Frances Jenkins giving particulars. The warden was also called upon to give details of any instances, if any, in which Sgt. Hilliard received information from Frances Jenkins which Sgt. Hilliard did not consider adequate or sufficiently reliable to support a warrantless arrest
 
 
 [2]
 Rule 81(a) (2) reads:
 "(2) In the following proceedings appeals are governed by these rules, but they are not applicable otherwise than on appeal except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in equity: admission to citizenship, habeas corpus and quo warranto. The requirements of Title 28, U.S.C., § 2253, relating to certification of probable cause in certain appeals in habeas corpus cases remain in force."
 
 
 [3]
 In view of this holding it is unnecessary for us to decide whether the first condition of Rule 81(a) (2), noted previously in the text of this opinion, is satisfied with respect to discovery interrogatories in habeas proceedings
 
 
 [4]
 Section 2246 reads:
 § 2246. Evidence; depositions; affidavits
 "On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit. If affidavits are admitted any party shall have the right to propound written interrogatories to the affiants, or to file answering affidavits."
 
 
 [5]
 Under this analysis, section 2246 is available to Walker for the purpose of obtaining evidence by the use of depositions obtained on oral testimony or written interrogatories. But on the specific question Walker seeks to raise in his habeas proceeding — the reliability of the informant relied upon by the arresting officer — thewarden could not give admissible evidence because any knowledge he would have on this matter would be hearsay. It should also be noted that the authority provided by section 2246 for the taking of depositions in habeas proceedings for evidentiary purposes, is as available to the warden as to the appellant for a writ.