## Commonwealth *v.* Berry, Appellant.

Argued March 17, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Morris M. Terrizzi,* for appellant.

*Warren R. Yocum, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, September 26, 1967:

After a trial by jury in September of 1964, appellant, Thomas Berry, was convicted of prison breach.[1] On April 9, 1965, this conviction was affirmed without

---

[1] Act of June 24, 1939, P. L. 872, §309, as amended, 18 P.S. §4309.

opinion by the Superior Court, *Commonwealth v. Berry,* 205 Pa. Superior Ct. 729, 208 A. 2d 474 (1965). Both at trial and on appeal to the Superior Court appellant was represented by the same court appointed counsel.

About six days after the Superior Court's affirmance, counsel informed Berry that he would be unable to provide further services in the case. Thereafter, on April 26, 1965, appellant filed pro se a petition for allowance of appeal from the order of the Superior Court. According to Berry, the Prothonotary of the Supreme Court "rejected" that petition on April 28 "because petitioner did not have counsel and his petition was not properly prepared."

Berry next petitioned the Court of Oyer and Terminer of Huntingdon County for the appointment of an attorney to aid him in the preparation of a petition for allowance of appeal from the Superior Court. The court of oyer and terminer denied this request on May 20, 1965. Subsequent attempts by Berry to file a petition for allowance of appeal were unsuccessful because of a series of misunderstandings with the prothonotary's office involving timeliness and fees for his petitions.

Following frustration of Berry's efforts to obtain consideration of his allocatur petitions, he sought relief under the Post Conviction Hearing Act. The court of quarter sessions appointed counsel for appellant pursuant to §12 of the act,[2] and, after argument by that counsel, dismissed Berry's petition without holding an evidentiary hearing. An appeal from this dismissal was then taken to the Superior Court which in turn certified the appeal to our Court.[3] Both a brief and oral argument were then presented to this Court by post-conviction counsel on Berry's behalf.

---

[2] Act of January 25, 1966, P. L. (1965) 1580, §12, 19 P.S. §1180-12 (Supp. 1966).

[3] Act of June 24, 1895, P. L. 212, §10, 17 P.S. §197.

In our Court the only ground upon which Berry seeks post-conviction relief is the denial to him of the opportunity to have us consider his petition for allowance of appeal. At oral argument, his counsel in addition requested that we treat the instant appeal as a petition for allowance of appeal.

We conclude that Berry is entitled to file a petition for allowance of appeal. The receipt by the prothonotary's office of a paper from Berry recognizable as a petition for allowance of appeal, within the time permitted therefor,[4] clearly established his right. Neither lack of counsel,[5] nor formal defects—however serious—may bar an indigent defendant from having us consider this or any other petition timely filed. Thus, while we strongly approve the practice of the prothonotary's office in returning confusing pro se petitions for clarification,[6] the mere failure of the petitioner to provide the clarification within the time for filing the original petition will not preclude consideration by us.

In light of our decision to consider Berry's petition for allowance of appeal and, in light of the presentation to us of that petition by post-conviction counsel, Berry's complaint concerning his right to counsel to prepare his petition has in effect been met.

After considering the contentions of Berry's petition for allowance of appeal, which counsel presented to us at oral argument, we have determined to deny it.

The petition for allowance of appeal is denied. Accordingly, the order of the Court of Quarter Sessions of Huntingdon County dismissing Thomas Berry's petition for post-conviction relief is left undisturbed.

---

[4] Act of May 19, 1897, P. L. 67, §4, as amended, 12 P.S. §1136.

[5] Compare Pa. R. Crim. P. 318.

[6] What Berry believed to be a "rejection" of his petition on April 28, 1965, may have been in fact merely an instance of this practice.