387 F.2d 632
 Lawrence E. WILSON, Warden, California State Prison as San
Quentin, Petitioner,
v.
Honorable Stanley A. WEIGEL, Judge of the United States
District Court for theNorthern District of
California, Respondent.
 No. 22076.
 United States Court of Appeals Ninth Circuit.
 Dec. 1, 1967.
 
 Thomas C. Lynch, Atty. Gen., Edward P. O'Brien (argued), Deputy Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for petitioner.
 Nancy A. Rossi, San Leandro, Cal., David Strain (argued), San Francisco, Cal., for respondent.
 Before POPE, MERRILL and DUNIWAY, Circuit Judges.
 MERRILL, Circuit Judge:
 Petitioner, as Warden of the California State Prison at San Quentin, seeks a writ of mandamus to compel respondent district judge to vacate a notice of the taking of a deposition in connection with habeas corpus proceedings now pending before respondent. In those proceedings habeas corpus is sought by Daniel Allen Roberts who is, in interest, the real respondent in the present proceedings. He attacks the legality of his detention in state prison upon the ground that in the state trial resulting in his conviction 'testimony known to be false was used by the prosecution,' in support of which he points to conflicting testimony given by his codefendant, Mae Coleman, and another witness, both of whom testified for the prosecution.
 On July 11, 1967, Roberts, through his counsel, gave notice of his intention to take the deposition of Mae Coleman on oral examination. On July 19, 1967, the Warden, as respondent in the habeas corpus proceedings, gave notice of his motion to vacate the notice of taking of deposition upon the ground that discovery depositions are not authorized in habeas corpus proceedings. On July 20, 1967, following argument by counsel, the District Court entered its order denying the Warden's motion to vacate. These proceedings were then initiated.
 The Warden, in support of his petition, relies upon this court's recent decision in Wilson v. Harris, 378 F.2d 141 (9th Cir. 1967). There the inmate, through interrogatories directed to the Warden, sought to compel him to search his files for evidence which might, in specified respects, reflect upon the reliability of an informer. We held that this discovery-interrogatory procedure of Rules 26 and 33 F.R.Civ.P. is not available in habeas corpus, and, further, that 28 U.S.C. 2246[1] has reference to depositions 'only for the purpose of obtaining 'evidence', and not for general discovery purposes.' 378 F.2d 144. We directed that the District Court order authorizing the propounding of the interrogatories to the Warden be vacated.
 
 
 1
 Roberts urges us to re-examine or distinguish that case and to announce here that discovery depositions may be taken in habeas corpus proceedings. We decline to do so and adhere to our opinion there. To dany criminal discovery at the time of trial only to grant it in post-conviction proceedings seems to us to make little sense. Nor does the result seem to be rendered sensible by characterizing the post-conviction proceedings as civil rather than as criminal; or the issues presented as relating to violation of federal constitutional rights rather than to guilt or innocence. Such a holding could completely destroy finality of state court criminal judgments and render state proceedings mere preliminaries to the unlimited factual exploration available for the first time in federal habeas corpus.[2]
 
 
 2
 Wilson v. Harris, however, is no authority for our vacating the order now before us. To do so would be for us to hold that under no circumstances may the deposition of Mae Coleman be taken. Nothing in the notice of intention to take her deposition discloses the scope of the proposed oral examination, but it is clear that her connection with the case is such that she is in a position to give evidence as to the alleged knowing use of perjured testimony by the prosecution. If it is proper to call her as a witness, it is proper to take her deposition. We specifically noted in Harris that on the question petitioner there sought to raise in his habeas corpus proceeding the Warden could not give admissible evidence. 378 F.2d at 144 n.5. Thus the attempt to serve him with interrogatories was clearly a 'fishing expedition,' with no possible purpose of preserving testimony. That is not the case here. Should disputes arise as to the scope of the examination of this deponent they should be resolved by the District Court under F.R.C.P. 37(a) or other appropriate Federal Rules of Civil Procedure, and not by writ of this court.[3]
 
 
 3
 The Warden also contends that evidentiary depositions should not be permitted until an evidentiary hearing has been ordered. No such hearing has yet been directed by the District Court. We agree that in the usual case such would be the more orderly sequence and better calculated to protect against a waste of time and effort upon frivolous proceedings. Such matters, however, traditionally are within the procedural discretion of the trial court which we decline to review by mandamus.
 
 
 4
 Writ denied.
 
 
 
 [1]
 Section 2246 states in part:
 'On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or , in the discretion of the judge, by affidavit.'
 
 
 [2]
 This problem, as well as the uselessness of relying on the historical label of habeas corpus as a 'civil' proceeding, has been noted before. Sullivan v. United States, 198 F.Supp. 624 (S.D.N.Y.1961)
 
 
 [3]
 We see no inconsistency in saying that these Federal Rules can here govern the taking of evidentiary depositions, although the Federal Rules authorizing the taking of discovery depositions are not applicable in habeas corpus. There is no general code of procedure for habeas corpus, and no statute outlines the procedures to be adopted in implementing the 28 U.S.C. 2246 authorization of evidentiary depositions in such proceedings. In formulating procedures for carrying out such a clear statuory mandate, the Federal Rules can be used by analogy by the district courts. We have considered them to be appropirate sources for such procedures in the past. Chessman v. Teets, 239 F.2d 205 (9th Cir. 1956), rev'd on other grounds, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957). This is a far cry, however, from allowing the creation through analogy of a sweeping discovery process in habeas corpus, unauthorized by any federal statute