UNITED STATES of America ex rel.
James EAST

v.

Alfred T. RUNDLE, Supt.

Misc. No. 3733.

United States District Court
E. D. Pennsylvania.

Feb. 14, 1968.

James East, pro se.

OPINION AND ORDER

BODY, District Judge.

The relator, James East, claims that he has been unconstitutionally deprived of his right to bail pending his appeal from his robbery conviction in the Pennsylvania state courts.

1. Now D.C.Code, 1967, Section 16-1501 et seq.

East received a sentence of five to twenty years on June 16, 1965. He failed to file his appeal in due time, but was granted the right to file a motion for a new trial nunc pro tunc in December 1966. On March 27, 1967 his motion for a new trial was denied on the merits. He appealed on April 6, 1967. At this point he had served nearly two years of his sentence. His application for bail pending appeal was refused by the state trial court and by the Pennsylvania Superior Court (per curiam). East then attempted to appeal to the Pennsylvania Supreme Court. However, the Prothonotary of the Supreme Court apparently decided that the application for bail had no merit. The Prothonotary returned the application without placing it before the Supreme Court, and explained in a letter to East that "the Supreme Court has jurisdiction in this case and if they did not see fit to grant bail you cannot get it elsewhere." The relator then filed a habeas corpus petition with this Court.

We are informed by a telephone call to the Prothonotary's office that if East "seriously" desires a merits ruling from the state Supreme Court on his right to bail, then he may resubmit his appeal and receive such ruling. Technically, it could be thus argued that East has not entirely exhausted his available state remedies, and that therefore this Court should refrain from ruling on the merits of his habeas corpus contentions. We are persuaded otherwise.

█ The Prothonotary's authority to return Supreme Court appeal applications because he doubts their seriousness or their merit is very dubious at best. Compare Commonwealth v. Berry, 426 Pa. 558, 233 A.2d 224 (1967). In light of East's obvious immediate need for a final ruling on his bail application before the merit of his robbery conviction appeal was determined, the delay occasioned by the Prothonotary's return of his application rendered his state court remedy inadequate. Therefore we conclude that the relator is not required to return to the state courts on the bail issue or to convince the Prothonotary of the seriousness of his appeal application.

In turning to the merits of East's petition, we note that the alleged right to bail pending appeal has certainly never been held a constitutional right applicable to the states. Of course, if the relator could show that the state court's denial of his bail was entirely arbitrary or discriminatory, he would be entitled to relief under the Fourteenth Amendment. See Wansley v. Wilkerson, 263 F.Supp. 54, 57 (D.Va.1967). However, the circumstances of this case and the district attorney's answer to East's state court bail application reveal a sufficient factual basis for the denial of bail. East had been convicted of a robbery offense; he had received a lengthy sentence; he had already served two years of his theoretically rehabilitative sentence; and the district attorney opposed his release on bail. The district attorney noted that East had possibly eighteen more years to serve on his sentence, and that the consequent temptation to flee the jurisdiction might make him a poor bail risk. Additionally, the district attorney argued that releasing a prisoner on bail who had already served two years would seriously disrupt prison routine and interrupt the prisoner's rehabilitation treatment.

█ We conclude that the state court's denial of bail was rationally supported by the circumstances of the case. Therefore the relator is not entitled to relief on this petition. See United States ex rel. Smith v. Prasse, 277 F.Supp. 391, E.D.Pa., opinion by the Honorable Joseph S. Lord, III (December 14, 1967.)