Vito FINETTI, Petitioner,

v.

David HARRIS, Superintendent,
Greenhaven Correctional
Facility, Respondent.

No. 78 Civ. 3109 (CES).

United States District Court,
S. D. New York.

Nov. 16, 1978.

John J. Hayden, Goshen, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City by Charlotte C. Lee, Deputy Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM DECISION

STEWART, District Judge:

Petitioner, Vito Finetti, was convicted of Robbery in the First Degree and Grand Larceny in the Second Degree after a jury trial in the County Court of Orange County, New York State. He was sentenced to a term of eight and one-third to twenty-five years and is presently incarcerated at the Greenhaven Correctional Facility. Petitioner, on February 9, 1978, filed a Notice of Appeal to the Appellate Division, Second Department, alleging certain errors at the trial.[1] On this same date, petitioner's motion for a stay and bail pending appeal pursuant to N.Y. Criminal Procedure Law (CPL) § 460.50 was denied without opinion by the Presiding Justice of the Appellate Division, Second Department. Petitioner then filed a petition for a writ of habeas corpus with this Court alleging that the denial of bail without a statement of reasons was unconstitutional. Relying on the recent decision of *Brown v. Wilmot,* 572 F.2d 404 (2d Cir. 1978) *(per curiam),* we denied the petition without prejudice on the grounds that petitioner had failed to exhaust his state remedies within the meaning of *Brown.*[2] *Manuel G. Guerreiro on behalf*

---

1. The allegations of this appeal are not relevant to the present petition for a writ of habeas corpus.

2. In *Brown, supra,* petitioner sought a writ of habeas corpus on the same grounds as petitioner Finetti in the present case—that the denial of bail pending appeal without a statement of reasons violates the Eighth and Fourteenth Amendments to the United States Constitution. Without reaching the merits, the Court of Appeals denied the petition without prejudice holding that petitioner had failed to exhaust his

state remedies as required by 28 U.S.C. § 2254. The court noted that while there was no right to appeal a denial of bail pending appeal, *see People of the State of New York ex rel. Klein v. Krueger,* 25 N.Y.2d 497, 500, 307 N.Y.S.2d 207, 210, 255 N.E.2d 552 (1969), there was a "substantial probability that [petitioner] would be able to challenge the *constitutionality* of a refusal to grant bail without a statement of reasons" in a state habeas corpus proceeding. 572 F.2d at 406 (emphasis in original).

*of Finetti v. LeFevre,* No. 78 Civ. 1175 (S.D.N.Y. April 7, 1978) (Stewart, J.). Petitioner, by his present attorney, next moved before the Appellate Division to reargue the February 9, 1978 order denying bail. This motion was denied, again without opinion, on May 29, 1978.

On June 15, 1978, petitioner filed for a writ of habeas corpus in the Appellate Division, Second Department. This petition raised the same constitutional challenges as the present federal petition. By a letter dated June 19, 1978, petitioner's attorney was informed by Irving N. Selkin, Clerk of the Appellate Division Second Department, that the "application for a writ of habeas corpus . . . may not be entertained because there is no basis for a finding of illegal detention." The full text of this letter is set out below.[3] On July 2, 1978, petitioner made the present application for a writ of habeas corpus. After some delay, not the fault of petitioner, the Attorney General was ordered to respond. We now have this response as well as those papers filed on behalf of petitioner.

## I

■ We must first determine whether petitioner has exhausted his state remedies. It is clear that petitioner's remedy in the form of a direct appeal of the order denying bail pending appeal has been exhausted. Under New York law, there is no right to appeal such an order. *People of the State of New York ex rel. Klein v. Krueger,* 25 N.Y.2d 497, 500, 307 N.Y.S.2d 207, 210, 255 N.E.2d 552 (1969); *People of the State of New York ex rel. Epton v. Nenna,* 25

A.D.2d 518, 267 N.Y.S.2d 267 (1st Dept.), *motion for leave to appeal withdrawn,* 17 N.Y.2d 422, 268 N.Y.S.2d 1028, 216 N.E.2d 32 (1966). However, as the Court of Appeals held in *Brown v. Wilmot, supra,* before state remedies will be deemed exhausted, a state habeas corpus proceeding must be brought raising the same constitutional challenges to the bail denial as are presented in the federal proceeding. Petitioner filed a proper state petition for a writ of habeas corpus. This petition, however, never came before any judge of any state court. Rather, the Clerk of the Appellate Division, Second Department, determined, apparently on his own authority, that the petition "may not be entertained." No further attempt was made at state review, and the present federal petition was filed. The question we are presented with, then, is whether the exhaustion prerequisite embodied in 28 U.S.C. § 2254 requires the petitioner to return to the state courts and seek once again to bring his petition before a state judge. We hold that it does not.

■ The exhaustion requirement, built on notions of federalism, is a matter of comity, not jurisdiction. *United States ex rel. Johnson v. Vincent,* 507 F.2d 1309, 1312 (2d Cir. 1974), *cert. denied,* 420 U.S. 994, 95 S.Ct. 1435, 43 L.Ed.2d 678 (1975). Thus, where justice so requires, the federal court may deviate from the exhaustion requirement. *United States ex rel. Graham v. Mancusi,* 457 F.2d 463, 468 (2d Cir. 1972). We think the present case is one where justice requires such a deviation. As noted above, petitioner attempted to bring a state habeas proceeding but was rebuffed, not by any judge, but by the clerk of the court.

**3.** Appellate Division of the Supreme Court
Second Judicial Department
45 Monroe Place
Brooklyn, New York 11201

           June 19, 1978

John J. Hayden, Esq.
252 Main Street
Goshen, N.Y. 10924
    RE: PEOPLE V. FINETTI
Dear Mr. Hayden:
  The application for a writ of habeas corpus, dated June 15, 1978, in the above matter, may not be entertained because there is no basis for a finding of illegal detention.

A defendant is not entitled as of right to bail pending appeal. The application for a certificate to stay execution is granted as a matter of discretion. This defendant made application twice to Presiding Justice Mollen, who denied the applications on February 9, 1978 and May 29, 1978. CPL 460.50 states that such an application may be made only once. A second application for bail pending appeal may not be made under the guise of a habeas corpus application.

        Very truly yours,
        Irving N. Silkin
        Clerk.

The clerk's decision that the petition "may not be entertained" is not appealable. *See: People ex rel. Wilkes v. Fay,* 27 A.D.2d 860, 278 N.Y.S.2d 581 (2d Dept. 1967).[4] We recognize that some other proceeding in the state courts, such as a mandamus action against the clerk, might have been available to petitioner. However, we hold that such proceedings need. not have been pursued. In short, we agree with the words of Judge Moye in *Emmett v. Ricketts,* 397 F.Supp. 1025, 1047 (N.D.Ga.1975):

> While the practice might accomplish exhaustion of the petitioners before the admittedly deserved relief was obtained, it would yield no dividends in terms of federal-state comity or the efficient administration of justice.

*See also: United States ex rel. Kling v. LaVallee,* 306 F.2d 199, 203 (2d Cir. 1962) (Friendly, J., concurring).

The present is not a case where the state courts have been denied "an opportunity to set their own Constitutional houses in order before the power of the federal courts is invoked." *Fielding v. LeFevre,* 548 F.2d 1102, 1106 (2d Cir. 1977). Or at least if the state courts have been denied that opportunity, it was at the hands of their own clerk, not petitioner. A similar circumstance is found in *United States ex rel. East v. Rundle,* 281 F.Supp. 118 (E.D.Pa.1968) where petitioner, like Finetti in the present case, had sought bail pending an appeal of his conviction.

> His application for bail pending appeal was refused by the state trial court and by the Pennsylvania Superior Court (per curiam). East then attempted to appeal to the Pennsylvania Supreme Court. However, the Prothonotary of the Supreme Court apparently decided that the application for bail had no merit. The Prothonotary returned the application without placing it before the Supreme Court, and explained in a letter to East that "the Supreme [sic] Court has jurisdiction in this case and if they did not see fit to grant bail you cannot get it elsewhere." The relator than filed a habeas corpus petition with this Court.

281 F.Supp. at 119. The district court held that petitioner had exhausted his state remedies:

> In light of East's obvious immediate need for a final ruling on his bail application before the merit of his robbery conviction appeal was determined, the delay occasioned by the Prothonotary's return of his application rendered his state court remedy inadequate. Therefore we conclude that the relator is not required to return to the state courts on the bail issue or to convince the Prothonotary of the seriousness of his appeal application.

*Id.* Similarly in *Phillips v. Smith,* 300 F.Supp. 130 (S.D.Ga.1969), petitioner filed for a writ of habeas corpus in the state Superior Court. The petition was denied, and petitioner attempted to appeal the denial to the Supreme Court of Georgia. Although a timely notice of appeal was filed with the Clerk of the Superior Court, the Clerk never docketed the appeal, as required by statute, nor took any other action in connection with the appeal. The court concluded that "Petitioner's state remedies have been frustrated by the nonaction of the Clerk and that the prisoner has exhausted his remedies on the state level." 300 F.Supp. at 132.

■ We think the facts of the present case compel a similar conclusion. Petitioner has attempted to follow the mandate of the Court of Appeals in *Brown v. Wilmot, supra,* by filing a petition in the state courts for a writ of habeas corpus. This attempt has been frustrated, not by any judicial action, but by the clerk. The clerk's action, which is not appealable, would require peti-

---

4. In *Wilkes v. Fay, supra,* appellant appealed a decision in a habeas corpus proceeding rendered by the Supreme Court. The Appellate Division dismissed holding that no appeal lies from a *decision* on the petition where no judgment or order was made on that decision.

In the present case, not only was there no judgment or order rendered in connection with Finetti's habeas petition, there was not even a decision. If a decision by a Supreme Court justice (in the absence of a judgment or order) is not appealable, *a fortiori,* a letter from a clerk is not appealable.

tioner to either return to the clerk and try to convince him to accept the petition or bring a collateral proceeding, such as mandamus, to compel the clerk to accept the petition. The former alternative was held unnecessary in *East v. Rundle, supra.* The latter, a collateral proceeding (mandamus) to compel the institution of another collateral proceeding (habeas corpus) seems likely to exhaust petitioner without any benefit "in terms of federal-state comity or the efficient administration of justice." *Emmett v. Ricketts, supra* at 1047. We therefore hold that petitioner has exhausted his available state remedies within the meaning of 28 U.S.C. § 2254.

## II

We now turn to the merits of the present petition. As noted above, petitioner claims that the denial of bail pending appeal without a statement of reasons is a violation of his rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. In *Brown v. Wilmot, supra,* the Court of Appeals recently had occasion to address this precise issue.

It is clear that there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts, *see Roberson v. Connecticut,* 501 F.2d 305, 308 (2d Cir. 1974). However, once a state provides for bail in that circumstance, the Eighth and Fourteenth Amendments impose certain limitations on the state court's discretion to grant or refuse bail. Since "we perceive no constitutional distinction between requiring excessive bail and denying bail altogether in the absence of legitimate reasons," *United States ex rel. Goodman v. Kehl,* 456 F.2d 863, 868 (2d Cir. 1972), it follows that appellant could not have been arbitrarily or unreasonably denied bail consistent with his constitutional rights. *See United States ex rel. Walker v. Twomey,* 484 F.2d 874, 875 (7th Cir. 1973); *Abbott v. Laurie,* 422 F.Supp. 976, 978 (D.R.I. 1976); *cf. United States ex rel. Covington v. Coparo,* 297 F.Supp. 203, 206 (S.D.N.Y. 1969). The difficult constitutional question posed here is whether the denial of bail pending appeal without a statement of reasons is per se arbitrary or arbitrary only if no rational basis exists in the record to support the denial.

572 F.2d at 405. However, in light of its holding that petitioner must exhaust his state habeas corpus remedy, the Court of Appeals never answered this "constitutional question".

■ As noted in *Brown v. Wilmot, supra* at 405, there is a division of authority on the proper standard for determining whether a denial of bail without a statement of reasons violates the Constitution. A number of cases hold that such a denial is arbitrary *per se* and therefore unconstitutional. *See: Flowers v. Greco,* 445 F.Supp. 979 (S.D.N.Y.1978); *vacated on other grounds,* 582 F.2d 1271 (2d Cir. July 13, 1978); *Abbott v. Laurie,* 422 F.Supp. 976 (D.R.I.1976); *United States ex rel. Abate v. Malcolm,* 397 F.Supp. 715 (E.D.N.Y.), *vacated as moot,* 522 F.2d 826 (2d Cir. 1975); *United States ex rel. Bad Heart Bull v. Parkinson,* 381 F.Supp. 985 (D.S.D.1974). Other cases hold that such a denial is arbitrary only if no rational basis exists in the record to support it. *See, Brown v. Wilmot,* 443 F.Supp. 118 (S.D.N.Y.1977), *aff'd on other grounds,* 572 F.2d 404 (2d Cir. 1978); *United States ex rel. Smith v. Twomey,* 486 F.2d 736, 739 (7th Cir. 1973), *cert. denied,* 416 U.S. 994, 94 S.Ct. 2408, 40 L.Ed.2d 773 (1974); *United States ex rel. Walker v. Twomey,* 484 F.2d 874 (7th Cir. 1973); *Natal v. People of Puerto Rico,* 424 F.Supp. 1082 (D.P.R.1975). We are persuaded that a denial of bail pending appeal without a statement of reasons is arbitrary *per se.*

■ In *United States ex rel. Keating v. Bensinger,* 322 F.Supp. 784 (N.D.Ill., E.D. 1971) the court offered the following reasons for its holding that a denial of bail pending appeal without a statement of reasons is presumptively arbitrary:

Absent any findings in support of the denial of bond, it is impossible to ascertain whether or not such denial was arbitrary or discriminatory. Respondents urge in effect that the denial of bail

without findings or reasons is proper and since, absent such findings, the petitioner has been unable to demonstrate that the denial of bail was arbitrary, the petition should be denied. If they are correct, the guaranty of the Eighth and Fourteenth Amendments against arbitrariness by a state court in the setting of bail authorized by the state legislature could be reduced to a nullity by the mere silence of the court denying bail. If a court may deny bail with no reason, hardly any set of circumstances can be imagined wherein it could be determined by a reviewing court that the denial was arbitrary or discriminatory. Respondents do not dispute this but urge that such is and should be the law. We do not agree that the right to a reasonable setting of bail may, in effect, be repealed by any court by its mere failure to provide reasons for its action that can be examined by a reviewing court. We conclude, therefore, that the failure of the Appellate Court to state any reasons for its decision was in itself an arbitrary action in relation to petitioner's motion for bail pending appeal.

322 F.Supp. at 787. While *Keating v. Bensinger* has been impliedly overruled in the Seventh Circuit, *see Walker v. Twomey, supra*, other courts have found its reasoning persuasive. *See e. g.: Abbott v. Laurie, supra*, 422 F.Supp. at 978; *Abate v. Malcolm, supra*, 397 F.Supp. at 717–718; *Bad Heart Bull v. Parkinson, supra*, 381 F.Supp. at 987. We also find considerable merit in this reasoning. It should not be the province of the federal district court to review the record and search out factors which would support a denial of bail. Rather, this should be done and the reasons explicated by the court which rules on the bail application. In the present case, we have no insight whatsoever into why bail was denied. So far as we can tell, there may be perfectly valid reasons for the state court's decision. However, in the absence of any indication as to what these reasons are, we cannot say with certainty that petitioner's constitutional rights have not been violated.

Moreover, we cannot determine whether or not applicable New York statutory law has been complied with. N.Y. Criminal Procedure Law § 510.30(2) requires the state court to consider specific factors in determining whether to grant or deny bail.[5] This provision gives a defendant the right, created by the legislature, to have his application for bail decided strictly on the basis of prescribed factors. Under the practice followed here, however, CPL § 510.30(2) might "in effect, be repealed by any court by its mere failure to provide reasons for its action that can be examined by a reviewing court." *Keating v. Bensinger, supra*, 322 F.Supp. at 787. Since the

5. CPL § 510.30(2) provides:

To the extent that the issuance of an order of recognizance or bail and the terms thereof are matters of discretion rather than of law, an application is determined on the basis of the following factors and criteria:

(a) With respect to any principal, the court must consider the kind and degree of control or restriction that is necessary to secure his court attendance when required. In determining that matter, the court must, on the basis of available information, consider and take into account:

(i) The principal's character, reputation, habits and mental condition;

(ii) His employment and financial resources; and

(iii) His family ties and the length of his residence if any in the community; and

(iv) His criminal record if any; and

(v) His previous record if any in responding to court appearances when required or with respect to flight to avoid criminal prosecution; and

(vi) If he is a defendant, the weight of the evidence against him in the pending criminal action and any other factor indicating probability or improbability of conviction; or, in the case of an application for bail or recognizance pending appeal, the merit or lack of merit of the appeal; and

(vii) If he is a defendant, the sentence which may be or has been imposed upon conviction.

(b) Where the principal is a defendant-appellant in a pending appeal from a judgment of conviction, the court must also consider the likelihood of ultimate reversal of the judgment. A determination that the appeal is palpably without merit alone justifies, but does not require, a denial of the application, regardless of any determination made with respect to the factors specified in paragraph (a).

weight to be accorded to the various factors which must be considered in a bail determination is both discretionary and highly subjective, the best the district court can ever hope to achieve is a determination of what it would have done in a similar situation. Such a determination, however, is beside the point. The Eighth and Fourteenth Amendments guarantee that the denial of bail may not be arbitrary or discriminatory and CPL § 510.30(2) requires that certain factors be considered. It is the state judge who must act in a non-arbitrary, non-discriminatory manner. Similarly, it is the state judge who must comply with CPL § 510.30(2). Accordingly, it only seems appropriate that it be the state judge who finds support in the record for a denial of bail and explicitly states what that support is. Such a procedure will go a long way toward demonstrating, not only to the reviewing court, but to the defendant as well, that bail was properly denied.

For the reasons stated above, we conclude that the state court's denial of bail without a statement of reasons is a violation of petitioner's constitutional rights. We do not hold, however, that petitioner has an unqualified right to bail pending appeal. Accordingly, this Court grants the petition for a writ of habeas corpus, but we stay the enforcement of the writ for twenty days and authorize dissolution of the writ if the state court, within that period, either sets forth a statement of reasons for its denial of bail, including those factors outlined in CPL § 510.30(2), or, upon the motion of petitioner, provides a hearing on the bail issue, and either grants reasonable bail or supports its denial of bail with such a statement of reasons.

SO ORDERED.