**UNITED STATES of America ex rel. Sherman Anthony KANE, Petitioner,**

v.

**Peter BENSINGER, etc., et al., Respondents.**

**No. 72 C 1988.**

United States District Court, N. D. Illinois, E. D.

Nov. 2, 1972.

Cornelius E. Toole, Chicago, Ill., for petitioner.

William J. Scott, Atty. Gen. of Illinois, Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM OPINION

DECKER, District Judge.

Petitioner, Sherman Anthony Kane, is presently incarcerated at the Illinois State Penitentiary, Joliet-Stateville Branch, serving a term of not less than seven nor more than fifteen years imprisonment for the crime of possession of heroin and marijuana. Petitioner took an appeal from his conviction which is currently pending before the Illinois Appellate Court. In both the trial and appellate courts the petitioner has made unsuccessful motions for post-conviction bail. The State's Attorney of Cook County filed in the Illinois Appellate Court a specific objection to petitioner's motion for bail with supporting reasons. Ten days after the State's Attorney's motion in opposition to bail was filed, the Illinois Appellate Court denied the motion for bail without opinion. Petitioner then sought leave to file a petition for bond in the Supreme Court of Illinois, which was treated as a petition for a writ of habeas corpus and was denied. He then filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241, 2254, alleging that his Fourteenth Amendment right to due process was denied when the Illinois Appellate Court denied his motion for bail without stating any supporting reasons.

The question presented here is not novel in this district, although the 7th Circuit Court of Appeals has not yet had occasion to rule on it. Although there is a clear split of authority, petitioner relies on Keating v. Bensinger, 322 F. Supp. 784 (N.D.Ill.1971). In that case, Judge Will held that the Eighth Amendment [1] requires the state courts to give supporting reasons for the denial of bond pending appeal and that the re-

quirement is applicable to the states through the Fourteenth Amendment.[2]

 Judge Will analyzed the question presented in the following way:

"The controlling question, then, becomes one of arbitrariness.

\* \* \* \* \* \*

"We conclude only that the state court's failure to provide any basis for its decision creates a presumption of arbitrariness." 322 F.Supp. at 787.

He noted, and I agree, that there is no absolute constitutional right to bail. Bloss v. People of State of Michigan, 421 F.2d 903, 905 (6th Cir. 1970). I further agree, however, that when the state, by statute, has chosen to afford the accused and the convicted the opportunity of securing bail, the federal courts do have the power to review the actions of the state courts in denying bail when it is alleged that the denial violates some provision of the United States Constitution. But while I assume that the *entire* Eighth Amendment applies to the states through the Fourteenth Amendment,[3] I cannot concur with Judge Will's conclusion that a mere failure to provide supporting reasons for the denial of bail, particularly in the post-conviction setting, of itself constitutes arbitrary action or creates "a presumption of arbitrariness". Judge Napoli rejected the concept of such a presumption when presented with the same question. Walker v. Twomey, 71 C 2553 (N.D.Ill. Nov. 29, 1971). Indeed, it has generally been assumed that court judgments carry a "presumption of regularity" when attacked collaterally through the habeas corpus remedy. Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Furthermore, since the granting of bail pending ap-

---

1. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

2. The requirement of stating reasons for denying bail is only a recent *statutory* requirement of federal law as promulgated by the Bail Reform Act of 1966. 18 U.S.C. §§ 3146 et seq.

3. The Supreme Court has already held that the "cruel and unusual punishment" clause of the Eighth Amendment is applicable to the states through the Fourteenth Amendment. See, Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

peal is purely discretionary, Ill.Rev.Stat. ch. 38, § 110–7(d); Ill.Sup.Ct. Rule 609, Ill.Rev.Stat. ch. 110A, the conviction and the trial record should, in the absence of any stated reasons, stand as the court's reasons for denying bail pending appeal. Of course, any "reasons" are subject to review by the federal court to test their adequacy, i.e., whether there is any rational basis for denying bail. Hence, if no other reasons are given, and the record itself does not provide any rational basis for incarceration pending appeal, then habeas corpus is the appropriate remedy. In sum, this court believes that the burden in these cases should rest on the convicted defendant to show that the state court has acted in an arbitrary fashion and that a "presumption of regularity" should attend *all* decisions of the state courts and not only those accompanied by oral or written explanations. This is not to say that the petitioner has lost his constitutional right or remedy. He can still attack the decision to deny him bail. He must, however, bear the burden of showing that the record provides no rational basis for the decision. Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964) cert. denied 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); *cf.* Bloss v. People of State of Michigan, *supra.*

 Turning to the facts of the present case, it is apparent from the record before the Illinois Appellate Court that the court did not abuse its discretion in denying petitioner bail pending appeal. As pointed out in detail by the state's attorney's motion in opposition to bail, the petitioner was convicted of the serious offense of possession of heroin under circumstances which clearly indicate he was a dealer in narcotics. He was arrested while in possession of a large quantity of heroin, needles and syringes, a large sum of money and a loaded weapon. The court clearly had ample cause to believe that for purposes of protecting the community and assuring the court's jurisdiction over the defendant, a bond pending appeal would be inappro-

priate. *Cf.*, Banks v. United States, 134 U.S.App.D.C. 254, 414 F.2d 1150, 1151 (1969); Russell v. United States, 131 U.S.App.D.C. 44, 402 F.2d 185 (1968); United States v. Erwing, 280 F.Supp. 814 (N.D.Cal.1968).

Accordingly, the petition for a writ of habeas corpus will be dismissed.