484 F.2d 874
 UNITED STATES of America ex rel. Gerald Daniel WALKER,
Petitioner-Appellant,
v.
John J. TWOMEY, Respondent-Appellee.
UNITED STATES of America ex rel. Sherman Anthony KANE,
Petitioner-Appellant,
v.
Peter BENSINGER, etc., et al., Respondents-Appellees.
 Nos. 72-1096, 73-1028.
 United States Court of Appeals,
Seventh Circuit.
 No. 72-1096 Argued Oct. 16, 1972.
No. 73-1028 Submitted May 18, 1973.
Decided Aug. 27, 1973.
 
 John T. Perry, Wheaton, Ill., Cornelius E. Toole, Chicago, Ill., for petitioners-appellants.
 William J. Scott, Atty. Gen., Morton Friedman, James B. Zagel and Melbourne A. Noel, Jr., Asst. Attys. Gen., Chicago, Ill., for respondents-appellees.
 Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Several judges of the district court for the northern district of Illinois have arrived at conflicting views concerning a rule to be applied where persons convicted of crime in a state court are denied bail pending appeal.
 
 
 2
 Judge Will has applied a rule that when the state court denies bail pending appeal and does not express any basis for its denial, such omission creates a presumption of arbitrariness. United States ex rel. Keating v. Bensinger, 322 F.Supp. 784 (N.D.Ill., 1971). In decisions now under review. Judge Napoli in Walker, and Judge Decker in Kane, declined to apply that presumption. In each case habeas relief was denied because the court concluded that petitioner had not shown that the record provides no rational basis for the decision.
 
 
 3
 There is little disagreement on the preliminary steps of the analysis. The provision of the eighth amendment prohibiting excessive bail is assumed to be binding on the states.[1] Whatever the content of the constitutional protection with respect to bail, binding upon the states, it is clear that once a state has made provision for bail pending appeal, the arbitrary denial of bail violates the fourteenth amendment.
 
 
 4
 Codification controlling release pending appeal in the federal system is found in 18 U.S.C. Sec. 3148. The risk of flight, probability that the convicted person will pose a danger to another or to the community, and lack of merit in the appeal are appropriate considerations, and one or a combination of those factors may justify denial of release or, in some cases, imposition of more onerous conditions of release, including bail.
 
 
 5
 Rule 9, F.R.A.P., provides that after a conviction in federal district court, if the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. We draw on our own experience in considering appellants' requests for release after denial by a district court to observe that written reasons for denial or imposition of high bail are most helpful in performing our task. We are, in those instances, reviewing decisions of courts in the same system, over which we have appellate jurisdiction, in order to implement federal judicial policy. Although the word "review" is sometimes loosely used with respect to exercise of federal habeas corpus jurisdiction where a state court decision is being collaterally attacked, this is an inappropriate use of the term.
 
 
 6
 It is fair to say that there is strong federal judicial policy in favor of release on bail pending appeal unless the appeal appears to be frivolous or dilatory.
 
 
 7
 It does not necessarily follow that present federal judicial policy, either substantive or procedural, with respect to bail pending appeal from a criminal conviction, is an exact measure of a right with respect to bail on appeal, protected against state action by the fourteenth amendment.
 
 
 8
 The fact that articulation by a state court of its reasons for denial of release on bail would usually make it easier for a federal court, considering a petition for habeas corpus, to decide whether the denial could be said to have a rational basis, does not authorize federal courts to impose that procedural requirement on state courts. We agree with Judge Decker that reliance on a presumption of regularity is appropriate at this point, Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and in the conclusion stated in his decision in Kane:
 
 
 9
 "In sum, this court believes that the burden in these cases should rest on the convicted defendant to show that the state court has acted in an arbitrary fashion and that a 'presumption of regularity' should attend all decisions of the state courts and not only those accompanied by oral or written explanations. This is not to say that the petitioner has lost his constitutional right or remedy. He can still attack the decision to deny him bail. He must, however, bear the burden of showing that the record provides no rational basis for the decision."
 
 
 10
 The merits of Walker's claim.
 
 
 11
 Walker, age 39, was convicted of attempted murder and aggravated battery, and received concurrent sentences. The sentence for attempted murder was 16-20 years. Beginning in 1954, Walker committed ten armed robberies in Ohio and Florida, and served terms of imprisonment in those states. In opposing the petition for release in state court, the state alleged that Walker had attempted a jail break while awaiting trial on the present charges, had threatened the lives of cellmates and that he admitted always carrying a loaded gun. Walker listed four general assignments of error, but there was nothing to show the substantiality of these claims. Although the state court had before it Walker's showing that he had been released on early parole in Ohio, that he is a resident of Illinois (a fact disputed by the state), and that he had a successful experience on parole, and a record of perfect attendance in court several years earlier while free on bond in a prosecution for aggravated battery (ending in acquittal upon a second trial), we are unable to say on consideration of this record that there was no rational basis for denial of release on bail pending appeal.
 
 
 12
 The merits of Kane's claim.
 
 
 13
 Kane, age 33, was convicted of possession of heroin and marijuana and received concurrent sentences. The sentence on the heroin count was 7-15 years. The narcotics were found in Kane's automobile after he met with an accident. The heroin had a street value of $20,000. Kane had $1500 cash and a loaded pistol with shoulder holster. The circumstances clearly indicated that he, with his passenger, was on his way to make sales of heroin in several small towns. He made no showing that his appeal would present arguable questions. Although he stated that, if released, he would reside with his family in Chicago, that he was an honorably discharged veteran, and that he had steady employment, we conclude he has not shown that the record provides no rational basis for denial of release pending appeal.
 
 
 14
 Accordingly the judgments appealed from are affirmed.
 
 
 
 [1]
 Judge Friendly has written that, "Although this provision of the Bill of Rights has not yet been held by the Supreme Court to be one of those made applicable to the states through the Fourteenth Amendment, we entertain little doubt that it will be." United States ex rel. Good-man v. Kehl, 456 F.2d 863, 868 (2d Cir., 1972.)