**UNITED STATES ex rel. Nicholas ABATE, Petitioner-Relator,**

v.

**Benjamin MALCOLM, Commissioner of Corrections, and Warden, Rikers Island Prison, Respondents.**

**No. 75 C 1087.**

United States District Court, E. D. New York.

July 17, 1975.

Supplemental Memorandum July 22, 1975.

Priest & Carson, Forest Hills, N. Y., Paul G. Chevigny, New York City, for petitioner-relator.

Nicholas Ferraro, Dist. Atty., Queens County, Kew Gardens, N. Y., by Joseph DeFeliee, Asst. Dist. Atty., for respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

By an order to show cause, a petition and an affidavit verified by his attorney, petitioner-relator seeks a writ of habeas corpus releasing him on bail during the pendency of his appeal from a conviction of possession of stolen property after trial by jury on April 1, 1975, before The Honorable Albert H. Buschmann who sentenced him on May 16, 1975 to a term of one year.

On May 22, 1975, petitioner filed a Notice of Appeal and by order to show cause signed by Mr. Justice James D. Hopkins of the Appellate Division, Second Department, moved for bail pending appeal which motion was denied by Mr. Justice Henry J. Latham on May 30, 1975, without any opinion or reason given for such denial.

The petitioner moved to re-argue and such motion was denied again without opinion on June 17, 1975. Thereafter, petitioner made application to Judge Fuchsberg of the New York Court of Appeals and again his application was denied without opinion.

The Assistant District Attorney states in his opposing papers that:

" * * * [D]uring the proceedings at the trial court level petitioner forfeited his originally posted bail of $3500. He was subsequently brought to Court by agents of the bail bonding company. Petitioner has contended in papers submitted to the Appellate Division, Second Department, that his failure to appear was due to a clerical error. However, this fact is not substantiated in any papers which have previously been submitted.

" * * * Petitioner failed to appear in Court on June 16, 1975, for surrender and that on June 17, 1975 the Honorable Bernard Dubin found it necessary to issue a bench warrant for defendant. Although petitioner did eventually willingly surrender, this failure to appear coupled with the earlier failure * * * are factors which this Court should consider in making its determination."

The Assistant District Attorney on the oral argument also claimed that the petitioner had a prior record but as it turns out such record consists of two State Court convictions for offenses which occurred some 30 years ago.

Petitioner states that he is a 60 year old man who lives with his family in Queens County, owns his own business and has had three major operations in the past two years and is now in the hospital at Rikers Island where he was placed upon his surrender to serve his sentence on June 17, 1975.

Petitioner claims further that since his arrest on the present charges, he made more than 50 court appearances and at the time of his trial and sentence was free on his own recognizance.

Petitioner further claims that there are good grounds for his appeal in that his conviction arose out of an illegal arrest, search and seizure in violation of his Fourth Amendment rights and in that despite his challenge to the jury panel (on which there was only one woman) both prior to and at the outset of his trial under *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692; 42 L.Ed.2d 690 (1975), and under Chapter 21 of the New York Laws of 1975, effective March 18, 1975 his challenge was denied.

Finally, petitioner argues that his sentence was for a term of only one year, that the Appellate Division will not hear argument on his appeal until the September or October Term, and that by the time of the Appellate Division's decision on such appeal he will have in all probability served the greater part, if not all, of his sentence.

In reply the Assistant District Attorney states that the time for the filing of petitioner's brief on appeal to be heard in the September Term has already expired and that petitioner has not requested a preference for his appeal.

This Court is extremely reluctant to interfere with State Court decisions and procedures but finds this case to be an extremely troublesome one.

Neither party furnished the Court with the record of the pre-trial suppression hearing or the record of the trial itself. Furthermore, it is not entirely clear whether either or both such records were furnished to Mr. Justice Henry J. Latham or Judge Jacob Fuchsberg. Petitioner argues, for example, that "the People in its opposition to petitioner's motion for bail, conceded that it had not read the record of the trial; thus it was not depending on the record to seek petitioner's immediate remand. In none of its subsequent papers, did the prosecutor rely on the trial record to oppose bail; instead, he simply stated his conclusion that the appeal was 'without merit'" (Resp.Br. pp. 3 and 4).

Moreover, had Mr. Justice Latham in his order denying petitioner's application given his reasons therefor, defendant might well have been satisfied or alternatively the Court might be in a better position to understand the action taken.

Based upon the papers before this Court at this time, however, petitioner appears to have good arguments for presentation to the Appellate Division on his appeal.

Under these circumstances, this Court feels that the decision in *United States ex rel. Keating v. Bensinger*, 322 F. Supp. 784 (N.D.Ill., E.D.1971), is applicable herein. There the Court made the following pertinent comments (322 F. Supp. 787–788):

"Absent any findings in support of the denial of bond, it is impossible to ascertain whether or not such denial was arbitrary or discriminatory. Respondents urge in effect that the denial of bail without findings or reasons is proper and since, absent such findings, the petitioner has been unable to demonstrate that the denial of bail was arbitrary, the petition should be denied. If they are correct, the guaranty of the Eighth and Fourteenth Amendments against arbitrariness by a state court in the setting of bail authorized by the state legislature could be reduced to a nullity by the mere silence of the court denying bail. If a court may deny bail with no reason, hardly any set of circumstances can be imagined wherein it could be determined by a reviewing court that the denial was arbitrary or discriminatory. Respondents do not dispute this but urge that such is and should be the law. We do not agree that the right to a reasonable setting of bail may, in effect, be repealed by any court by its mere failure to provide reasons for its action that can be examined by a reviewing court. We conclude, therefore, that the failure of the Appellate Court to state any reasons for its decision was in itself an arbitrary action in relation to petitioner's motion for bail pending appeal.

"We explicitly note that we are not holding that no justifiable reasons may exist for the denial of bail to petitioner. We conclude only that the state court's failure to provide any basis for its decision to deny bail creates a presumption of arbitrariness. We are not holding that an eighteen year old convicted of the sale of marijuana, who has been sentenced to a term of ten to twenty years, and who has no prior felony convictions has an absolute constitutional right to bail pending appeal. Our conclusion is merely that, when a state court denies bail authorized by the state legislature without providing any supporting reasons, the failure to indicate the motivating reasons for the denial of bail is in and of itself an arbitrary action that violates the Eighth and Fourteenth Amendments. Any other rule would effectively nullify the protection of those Amendments.

"As we have concluded that petitioner's Eighth and Fourteenth Amendment rights were violated by the state court's denial of bail without any supporting reasons, we grant his writ of habeas corpus. However, as we have not ruled that petitioner has a constitutional right to bail but merely that his procedural rights guaranteed by the constitution have been violated, we feel obliged to allow the state an opportunity to correct this deficiency. Therefore, we will stay the enforcement of the writ for fifteen days and authorize its dissolution if the state court, within that period and upon the motion of petitioner, provides a hearing on the bail issue, and either grants reasonable bail or supports its denial with findings of fact that would enable a reviewing court to determine whether or not such denial was arbitrary."

It should be noted, however, that another Judge in the same court at a later date has questioned the aforestated presumption of arbitrariness in the case of *United States ex rel. Kane v. Bensinger*, 359 F.Supp. 181 (N.D.Ill., E.D.1972). While this modification might weigh against this Court's granting the writ and fixing bail on condition that the defendant prosecute his appeal promptly, it should not, in this Court's view, affect the granting of similar relief to that accorded in the *Keating* case, *supra*, given all of the above stated facts in the case at bar.

Accordingly, this Court grants petitioner's writ of habeas corpus but will stay the enforcement of the writ for fifteen days and authorize its dissolution if the state court, within that period either states that its denial was based upon the conviction and the trial record and in accordance with the provisions of Section 510.30 of the New York Criminal Procedure Law, McKinney's Consol.Laws, c.

11-A (e. g., "that the appeal is palpably without merit"), or upon the motion of petitioner, provides a hearing on the bail issue, and either grants reasonable bail or supports its denial with such a statement or with findings of fact that would enable a reviewing court to determine whether or not such denial was arbitrary.

So ordered.

## SUPPLEMENTAL MEMORANDUM

Following the release of this Court's Memorandum and Order dated July 15, 1975, the Queens County District Attorney's office verbally requested that the Court consider a reargument or a stay pending appeal on the ground that this Court's decision contravened the Second Circuit Court of Appeals decision in *Wallace, et al. v. Kern, et al.*, 520 F.2d 400 (1975) which had not theretofore been called to the Court's attention.

At the time of its decision this Court was aware of the *Wallace* decision but had not assumed that it had any applicability to the decision which it reached herein. After further consideration the Court adheres to its original view.

All that this Court decided was that due process required the Appellate Division to have considered the pretrial and trial records and give a written statement of the reasons for its denial. See *"Morrissey v. Brewer*, 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (1972) and its progeny". at p. 403.

Under ordinary circumstances the Court would have presumed that the former had been done and that the Appellate Division's denial had been based upon such records. A doubt on this score was created, however, by the papers submitted to it and the Court merely resubmitted the matter to resolve the doubt.

Under the circumstances, this Court adheres to its original decision herein.