UNITED STATES ex rel. Nicholas
ABATE, Petitioner-Appellee,

v.

Benjamin MALCOLM, Commissioner of
Corrections, et al.,
Respondents-Appellants.

Nos. 1350, 1351, Dockets 75–2103,
75–2110.

United States Court of Appeals,
Second Circuit.

Argued Aug. 15, 1975.

Decided Aug. 25, 1975.

Supplemental Opinion Sept. 11, 1975.

Paul G. Chevigny, New York Civil Liberties Union, New York City, and Sidney Zion, Forest Hills, N. Y. (Priest & Carson, Forest Hills, N. Y., of counsel), for petitioner-appellee.

Jon Michael Bevilacqua, Asst. Dist. Atty., Queens County, Kew Gardens, N. Y. (Nicholas Ferraro, Dist. Atty., of counsel), for respondents-appellants.

Before GURFEIN, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

Petitioner, Nicholas Abate, brought a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York, alleging that the failure of the state court to grant him bail pending appeal without stating reasons for denial of bail violated his constitutional rights. The District Court, Platt, *J.*, provided that a writ of habeas corpus would issue only if, after 15 days, the state failed to take certain action. Appellee then moved by order to show cause for relief in the Appellate Division, Second Department. In the meantime, a judge of this court granted a stay pending this appeal. The District Attorney informed the Appellate Division that he had appealed the granting of the writ to this court, and, in effect, requested the Appellate Division not to decide appellee's motion. That motion has not been decided.

Since the writ was granted conditionally, we believe the interests of comity would best be served if the Appellate

Division decided petitioner's motion. We need not decide at this time whether the conditional nature of the writ makes it a non-appealable order, for the granting of bail by the Appellate Division would moot that issue. We will therefore vacate our stay of Judge Platt's order, and suggest that the Appellate Division consider the matter.

We note that we might have taken another course were it not for the fact, as Judge Platt noted, that there is serious ground for reconsideration of the denial of bail. The petitioner has raised a non-frivolous issue with respect to the jury panel under *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). The term of imprisonment is short, and a successful appeal might come too late. Since there was no written opinion, we do not know whether the state court considered the likelihood of ultimate reversal to be remote on the constitutional issue presented. See N.Y. Criminal Procedure Law § 510.30(2)(b).

As Judge Platt noted, the petitioner is a 60-year-old man who lives with his family in Queens County, owns his own business, has had three major operations in the past two years and is now in the hospital at Rikers Island. He has consistently appeared for trial, and at the time of sentence was free on his own recognizance.

If the Appellate Division should consider his application favorably, the matter will be moot and we shall not have to consider petitioner's alleged constitutional ground, which is that the denial of bail by the state court without a statement of reasons violates the Eighth and Fourteenth Amendments. If the decision is adverse, the record will presumably show that there has been an exhaustion of state remedies. 28 U.S.C. § 2254.

 We will not dismiss the appeal, but we will vacate the stay, pending action by our brothers, the justices of the Appellate Division. While we are under a duty to exercise federal power in a habeas corpus proceeding involving a state prisoner, we hesitate to do so when his application may be granted by the state court. This may be just such a case.

The stay is vacated. In view of the lapse of time, we suggest that we be advised if the Appellate Division should fail to act by September 4, 1975, so that we may decide the appeal. If the action of the Appellate Division is adverse to the petitioner, our stay of the District Court order shall be automatically reinstated pending our determination.

### SUPPLEMENTAL OPINION

 The Appellate Division has, since our per curiam opinion filed August 25, 1975, released the petitioner on bail pending his appeal in the New York court. This appeal is therefore moot.

We shall accordingly vacate the judgment below and remand to the District Court to dismiss the petition as moot.