John D. MILLER, Petitioner,

v.

Frank HALL et al., Respondents.

Misc. No. 76–8043.

United States Court of Appeals,
First Circuit.

Submitted April 29, 1976.

Decided June 23, 1976.

No counsel appeared in this court nor filed any pleadings.

## ON REQUEST FOR A CERTIFICATE OF PROBABLE CAUSE

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Petitioner was arrested in Amherst, Massachusetts in October, 1971, and charged with drug offenses. In March, 1972, the Superior Court suppressed various controlled substances which had been seized during a search of the van in which petitioner had been riding when arrested. Upon the Commonwealth's interlocutory appeal from this ruling, the Supreme Judicial Court reversed, holding that there was probable cause for the search and that there was justification for the failure to obtain a search warrant. *Commonwealth v. Miller*, 1974 Mass. Adv. Sh. 2139, 318 N.E.2d 909.[1] Miller was thereupon tried and con-

1. The Supreme Judicial Court considered the case upon the trial judge's findings of fact, some of which conflicted with the arresting officer's testimony. The relevant facts, as stated by the Supreme Judicial Court, are as follows:

"A special officer of the Amherst police department, acting on the possibility that a Ford Econoline van was not properly registered, stopped it as it pulled away from the curb in an Amherst street. On request the operator handed the officer the registration of the van and alighted from the van, at which time the officer observed a 'clear plastic packet containing a green substance protruding about an inch and a half from the left pocket of the garment that the operator was wearing.' From his prior experience the officer believed this to be marihuana and there-

upon seized it, placing the operator of the van under arrest and simultaneously also placing the other four occupants of the motor vehicle under arrest. He radioed for assistance and two additional officers responded, at which time the four occupants of the van were ordered to alight, being then transported immediately to the Amherst police station a short distance away. 'At the time of the arrest the officer did not know of any other marijuana that was present in the car nor did he suspect the presence of any other contraband in the car.' It was dark, there was no lighting inside the van, and it would have been impossible for the officer to have observed a knapsack with protruding marihuana inside the van that he testified to having seen. There was no indication that anyone had been smoking marihuana in the van."

victed; he began serving his sentence in February, 1975. His petition for bail pending appeal was denied.

In August, 1975, petitioner brought his habeas corpus action in the district court, raising the same two claims—lack of probable cause and lack of justification for the failure to obtain a warrant—which had been directly presented to the Supreme Judicial Court. The parties appear to agree that these two specific claims have been properly exhausted, although the Commonwealth maintained below that the district court should nevertheless refuse to consider them until petitioner's state court appeal, raising only trial issues, was concluded.

In March, 1976, petitioner for the first time advanced a third claim in connection with the habeas proceeding. He argued that the Superior Court findings contradictory to the arresting officer's testimony at the suppression hearing amounted to a finding of perjury on the officer's part.[2] This, he claimed, made suppression appropriate under the principles of *United States v. Belculfine,* 508 F.2d 58 (1st Cir.1974). *Belculfine* concerned government misstatements in search warrant affidavits, but petitioner argued that it applies *a fortiori* to testimony in support of warrantless searches, lest a disincentive to seeking warrants result.

The district court correctly found that this issue had not been properly exhausted. A careful review of the briefs in the state courts makes clear that this argument— that suppression was required by the alleged perjury of the searching officer—was not raised in the interlocutory appeal proceeding. Petitioner protests that he presented all the facts necessary to support the claim, but this gains him nothing. *Picard v. Connor,* 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971), directly rejected an identical effort: "To be sure,

respondent presented all the facts. Yet the constitutional claim [alleged to be] inherent in those facts was never brought to the attention of the state courts. The Supreme Judicial Court dealt with the arguments respondent offered; we cannot fault that court for failing also to consider *sua sponte* [the present constitutional ground]." There is no indication that petitioner will not be able to raise this issue in state court, either by injecting it into his pending appeal, or through state postconviction procedures.

Confronted with a petitioner raising two exhausted claims and one claim which was not exhausted, the district court dismissed the entire petition, without prejudice. We think this was error. Although the propriety of dismissal under the circumstances was not briefed by the parties below, we see an issue of first impression in this circuit. Resolution of the issue involves some scrutiny of the values served by a broad dismissal, in the light of values served by continued litigation of an exhausted federal claim.

The Supreme Court has stated that the "exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973), quoting *Secretary of State for Home Affairs v. O'Brien,* [1923] A.C. 603, 609 (H.L.). The interests it protects include the preservation of a significant role for the state courts in the application and enforcement of federal law, and the preservation of "orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings." *Braden,* 410 U.S. at 490, 93 S.Ct. at 1127, quoting *Developments in the Law—Federal*

---

1974 Mass. Adv. Sh. at 2139–2140, 318 N.E.2d at 910.

**2.** The Superior Court's findings allegedly contradicted statements by the officer (1) that upon the opening of the van door by the driver, the officer smelled marijuana smoke, and (2)

that upon entering the van to drive it to the police station, the officer saw marijuana protruding from a knapsack in "plain view". Both of these statements, if believed by the Superior Court, would have been strongly supportive of probable cause for the search.

*Habeas Corpus,* 93 Harv.L.Rev. 1038, 1094 (1970). For a federal court to hear an exhausted claim even though other unrelated claims may be outstanding clearly does not undercut the first of these interests. The very fact of exhaustion means that the state courts have ruled, or have had the chance to rule on the federal claim in the first instance. On the other hand, granting the writ on an exhausted claim undeniably would moot any pending state adjudication. But the disruption of state judicial business in this situation is considerably less abrasive than where a federal habeas writ aborts state consideration of the identical claim. Thus, while interests of federalism are undoubtedly implicated here,they are less weighty than in the garden variety exhaustion case.

The Commonwealth argues that comity dictates giving state courts first full crack at a habeas petitioner's entire case. This argument proves too much, for it ignores decisions such as *Braden, supra,* which hold habeas consideration can be appropriate in advance of trial. Moreover, we do not read the codification of the exhaustion doctrine to require as much even after judgment of conviction. Title 28, section 2254(c) provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, *the question presented.*" As the Supreme Court has said in another context: "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). If the petition is denied on the merits, no state process will be interrupted. If the petition is meritorious, the "need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confine-

ment'" comes into full play, and in the normal case will outweigh the interests of federalism opposing it.

This has been the almost unanimous analysis of the circuits which have considered this question. Four circuits have ruled that the district court should consider exhausted claims, at least if the unexhausted claims are either unrelated or frivolous. *Mercado v. Rockefeller,* 502 F.2d 666, 668 n.1 (2d Cir.1974); *United States ex rel. Levy v. McMann,* 394 F.2d 402 (2d Cir.1968), and *United States ex rel. Sniffen v. Follette,* 393 F.2d 726 (2d Cir.1968); *Tyler v. Swenson,* 483 F.2d 611 (8th Cir.1973); *Hewett v. North Carolina,* 415 F.2d 1316, 1320 (4th Cir.1969); *United States ex rel. Boyance v. Myers,* 372 F.2d 111 (3d Cir.1967). The Ninth Circuit in *Smith v. Cupp,* 457 F.2d 1098 (1972), assumed it was proper to consider exhausted claims while dismissing unexhausted ones. Cases in the Fifth Circuit have tended to the contrary, *see, e. g., Green v. Beto,* 460 F.2d 322 (5th Cir.1972), but recently appear to have adopted a more flexible approach, *e. g., Singleton v. Estelle,* 492 F.2d 671, 676–77 (5th Cir.1974).

In this case the balance clearly tips in favor of unimpeded access to a federal court remedy on claims which have been exhausted. There is no problem of interrelationship of remedy in the sense that the issues before the federal court logically depend for their relevance upon resolution of an unexhausted issue. *See United States ex rel. DeFlumer v. Mancusi,* 380 F.2d 1018 (2d Cir.1967). The unexhausted claim here has not yet even started on its path through the state courts. And at least where, as here, petitioner has been in jail almost a year and a half while his appeal is pending, it would be indefensible to refuse to consider a meritorious claim merely on the grounds that it might eventually be mooted by a favorable state court ruling on his appeal of unrelated issues.[3]

3. The Commonwealth cites some cases containing dicta to the contrary as to pending appeals, but in each of those cases it appears that the court felt the habeas issue might be available to petitioner in state court. *E. g.,*

*Scott v. Schlesinger,* 498 F.2d 1093, 1098 (5th Cir.1974); *Williams v. Bailey,* 463 F.2d 247 (5th Cir.1972); *Davidson v. Klinger,* 411 F.2d 746 (9th Cir.1969); *Christiansen v. O'Connor,* 378 F.2d 364 (9th Cir.1967).

We therefore hold that it was error for the district court to dismiss the entire habeas petition. It properly dismissed the unexhausted claim, but should have addressed the two issues which had been exhausted.

In the interests of judicial economy, we note that under recent decisions of this court, the issue regarding the failure to obtain a warrant (which the Supreme Judicial Court unanimously rejected) is frivolous. *United States v. Farnkoff*, 535 F.2d 661, at 665–666 (1st Cir.1976); *Haefeli v. Chernoff*, 526 F.2d 1314 (1st Cir.1975). Whether the officer's hearing one of the occupants of the van say "Let's go, here come the cops", plus his observing the marijuana in the driver's pocket, constituted probable cause to believe that further drugs might be found in the van, split the Supreme Judicial Court 4–3; we remand the case to the district court for consideration of that issue.