John M. ABBOTT and Richard
E. Freeman

v.

William E. LAURIE, Assistant Director
of Adult Services.

Civ. A. No. 76–298.

United States District Court,
D. Rhode Island.

Nov. 8, 1976.

Barbara Hurst, Asst. Public Defender for State of Rhode Island, Providence, R. I., for plaintiffs.

Judith R. Wegner, Special Asst. Atty. Gen. for State of Rhode Island, Providence, R. I., for defendant.

## OPINION AND ORDER

PETTINE, Chief Judge.

This petition for habeas corpus raises difficult and delicate issues regarding the relationship between federal courts and state courts as they undertake the business properly allocated to each. Petitioners have been convicted of certain offenses in a Rhode Island state trial court. They have appealed these convictions to the Supreme

Court of Rhode Island and are awaiting that Court's decision. While the appeal was pending they sought release on bail. This was denied by the trial court and by the Rhode Island Supreme Court. Petitioners are here contending that this denial of bail pending appeal violated due process and ask this Court to grant appropriate relief. The state argues that this Court should stay its hand under principles of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970) because the appeal of the convictions, although not of the bail decision, remains pending before the Rhode Island Supreme Court.

I

The travel of the case has been complicated. Petitioners John M. Abbott and Richard E. Freeman were indicted on September 15, 1969, for the crimes of rape, kidnapping, sodomy and robbery. On February 26, 1973, they pleaded *nolo contendere* to rape, kidnapping, sodomy, and the amended charge of larceny in the Superior Court of Providence County. The pleas were accepted by the Superior Court justice who then stated he would impose the following on each defendant:

```
On the rape charges: deferred sentencing
On the kidnapping charges: deferred sentencing
On the sodomy charges: 7 years suspended,
                       7 years probation
On the larceny charges: 2 to 3 years committed
```

Subsequently the sentencing promises were retracted, the *nolo* pleas were ordered withdrawn, pleas of not guilty were entered to each charge, and the defendants went to trial before a different justice. On October 26, 1973, they were found guilty by a jury of rape and kidnapping and not guilty of sodomy and larceny. They were each sentenced to ten years committed on the rape convictions and sentencing was deferred on

the kidnapping convictions. The defendants appealed their convictions of rape to the Supreme Court of the State of Rhode Island.

Having been denied bail in the trial court pending that appeal, the defendants successfully moved for bail in the State Supreme Court. *State v. Abbott and Freeman,* 322 A.2d 33 (R.I.1974). In its decision of July, 1974, the Supreme Court laid out certain standards for bail pending appeal, found that petitioners had met those standards, and set bail for defendants at $7500.

In early 1976, the Rhode Island Supreme Court decided petitioners' substantive appeal. The Court ordered the sentences on the rape convictions vacated on the authority of *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) and the case was remanded to the Superior Court for resentencing in accordance with the original plea bargain. *See State v. Abbott and Freeman,* 351 A.2d 824 (R.I.1976).

On remand on March 8, 1976 in the Superior Court, the original justice reinstated all four *nolo* pleas for each defendant and imposed all eight originally promised dispositions. The defendants have now appealed in the Supreme Court of the State of Rhode Island challenging the convictions of, and sentences imposed on, the charges of sodomy and larceny entered as to each defendant. That appeal is currently pending.

On March 8, 1976, the defendants moved in the Superior Court for bail pending appeal. That motion was denied.[1] The defendants then petitioned the Supreme Court of the State of Rhode Island for bail pending appeal; that petition was denied without opinion. *State v. Abbott et al.,* 355 A.2d 410 (R.I.1976). Petitioners were thereupon returned to the Adult Correctional Institutions (ACI).[2]

1. The Superior Court gave no substantive reasons for the denial of bail. The trial judge seems to have indicated that he thought that appeal was improper, and that therefore there was no right under state law to bail pending appeal. But the record is undisputed that the Supreme Court of Rhode Island that day sent petitioners, who had moved in the Supreme

Court for a stay, back to the Superior Court to couch their request for bail pending appeal. Transcript of hearing before Mr. Justice Fazzano, Superior Court, March 8, 1976.

2. It should be noted that petitioners are therefore incarcerated solely pursuant to the larceny count, on which they were subsequently ac-

The defendants petitioned this Court for a writ of habeas corpus.

## II

Petitioners' first claim is that the state has denied them due process of law by denying them bail pending appeal without any articulated basis in state law. They claim that such denial is, under the peculiar circumstances of this case, arbitrary and capricious.

■ It is well established that, although post-conviction bail for state defendants is not a federally protected right,[3] once a state creates such a right it is bound by the due process clause to grant or deny its application fairly and reasonably. *United States ex rel. Walker v. Twomey*, 484 F.2d 874, 875 (7th Cir. 1973). *Accord, United States ex rel. Abate v. Malcolm*, 397 F.Supp. 715, 717 (E.D.N.Y.1975) vacated, 522 F.2d 826 (2d Cir. 1975) (after state court released prisoner); *Bad Heart Bull v. Parkinson*, 381 F.Supp. 985, 986 (D.S.D.1974), vacated, 385 F.Supp. 1265 (after state bail proceeding); *Maldonado v. Delgado*, 345 F.Supp. 993 (D.P.R.1972).

Some courts have held that the failure of state courts to supply reasons in denying bail is *ipso facto* violative of the Fourteenth Amendment. As Judge Will explained in *United States ex rel. Keating v. Bensinger*, 322 F.Supp. 784, 787 (N.D.Ill.1971):

> Absent any findings in support of the denial of bond, it is impossible to ascertain whether or not such denial was arbitrary or discriminatory. Respondents urge in effect that the denial of bail without findings or reasons is proper and since, absent such findings, the petitioner has been unable to demonstrate that the denial of bail was arbitrary, the petition should be denied. If they are correct, the guaranty of the Eighth and Fourteenth Amendments against arbitrariness by a state court in the setting of bail authorized by the state legislature could be re-

duced to a nullity by the mere silence of the court denying bail. If a court may deny bail with no reason, hardly any set of circumstances can be imagined wherein it could be determined by a reviewing court that the denial was arbitrary or discriminatory. Respondents do not dispute this but urge that such is and should be the law. We do not agree that the right to a reasonable setting of bail may, in effect, be repealed by any court by its mere failure to provide reasons for its action that can be examined by a reviewing court. We conclude, therefore, that the failure of the Appellate Court to state any reasons for its decision was in itself an arbitrary action in relation to petitioner's motion for bail pending appeal.

*Accord, United States ex rel. Abate v. Malcolm, supra*, 397 F.Supp. 715; *Bad Heart Bull v. Parkinson, supra*.

In *United States ex rel. Abate v. Malcolm, supra*, District Judge Pratt had issued a conditional writ, ordering petitioner released unless the state court provided reasons for the denial of bail within fifteen days, and a single judge of the Second Circuit initially issued a stay of that decision. When the panel met, it dissolved the stay, holding that considerations of comity dictated allowing the state court to reconsider its denial of bail, as provided by the conditional writ. Although petitioner had exhausted his state remedies on the bail issue in *Abate*, the Second Circuit reasoned that the conditional writ was an appropriate way of insuring that the constitutional claim would come before it with an adequate record—(if, indeed, it was not mooted by the granting of bail by the state, which was what in fact took place.) *Abate, supra*, 522 F.2d at 827. The court upheld Judge Pratt's ruling, holding (by implication) that the denial of post-conviction bail without reasons is arbitrary, and a denial of due process, where the appeal is non-frivolous.

quitted by a jury. The merits of this double jeopardy claim are not now before this Court; that issue is on appeal to the Rhode Island Supreme Court.

**3.** *See Hamilton v. New Mexico*, 479 F.2d 343 (10th Cir. 1973); *Bloss v. Michigan*, 421 F.2d 903, 905 (6th Cir. 1970), and cases cited therein.

On the other hand, the Seventh Circuit has impliedly overruled Judge Will's decision in *Keating, supra. See United States ex rel. Walker v. Twomey*, 484 F.2d 874 (1973). The Court agreed that a statement of reasons assisted the federal courts, but believed that a presumption of regularity was appropriately afforded the state courts. *Walker* therefore requires the petitioner to "bear the burden of showing that the record provides *no rational basis* for the decision." *Id.* 484 F.2d at 876 (emphasis added). The State contends that this is the proper rule in this case, and that petitioners have failed to carry the burden thus cast upon them.

In the absence of direction from the First Circuit on this question this Court must decide which of these cases provides the better rule of law. The rationale found in *Keating* and *Abate, supra*, applied to petitioners raising nonfrivolous grounds of appeal, is persuasive. Any other rule would effectively nullify the Fourteenth Amendment right involved here, since it would be well-nigh impossible to ascertain whether or not denial of bail was arbitrary or discriminatory in the absence of a stated reason. The bail decision is, after all, a decision regarding liberty, and the state already affords all of the rudiments of due process in bail hearings save for the requirement of written reasons.

The arguments against requiring stated reasons, outlined by the Seventh Circuit in *Walker v. Twomey, supra*, arise from considerations of comity. However, this Court is of the opinion, as was the Second Circuit in *Abate, supra*, that considerations of comity go the other way. The conditional writ, staying release to provide time for the state courts to provide reasons for the denial of bail, is a creative remedy fully consistent with the demands of federalism. It recognizes both the interests of petitioners in the availability of federal habeas corpus, and the interests of the state in administering its criminal justice system. This is not a case like *Younger v. Harris, supra*, where the question is in which forum the constitutional claim should be raised. Petitioners have already raised the bail claim in the state courts, and have exhausted their state remedies. If comity precludes them from raising the Fourteenth Amendment claim here, then they will have lost the right to raise it in a federal forum which is assured by 28 U.S.C. § 2254. That would distort both comity and federalism. It is important that federal courts not reach out to decide issues properly before state courts; it is equally important that state prisoners, having been heard in the state courts, have a federal forum assured for the ultimate vindication of constitutional claims. *Younger v. Harris, supra*, 401 U.S. at 44, 91 S.Ct. 746. *Cf. Miller v. Hall*, 536 F.2d 967 (1st Cir. 1976). Indeed, the conditional writ as employed in this context functions much like certification: the federal court stays its hand pending the state's interpretation of its actions.

■ For these reasons the Court holds that where the state holds out bail pending appeal, and petitioner raises a non-frivolous ground of appeal, the failure of a state court to provide any reasons for its action is itself an arbitrary action in relation to the petitioner's motion for bail pending appeal, to be remedied by way of conditional writ of habeas corpus. *See United States ex rel. Abate v. Malcolm, supra; Bad Heart Bull v. Parkinson, supra.*

The state further contends, however, that this Court is precluded from considering whether or not the petitioner here has raised such a non-frivolous ground of appeal in the state courts, since such a finding would inevitably preempt and moot the state appeal. The state relies on *Younger v. Harris, supra*, and *Sole v. Grand Jurors of New Jersey*, 393 F.Supp. 1322 (D.N.J. 1975). The policies of *Younger* forbid (absent exigent circumstances not present here) federal interference with pending state judicial proceedings which would thwart the state's efforts to protect the interests underlying the criminal law. Such interference would imply distrust of the state court system's ability or willingness to enforce constitutional principles, and might

result in duplicative proceedings. *See Sole, supra*, 393 F.Supp. at 1327.

*Sole*, like *Younger*, was an attempt by defendants to abort state criminal prosecutions by presenting constitutional issues arising in those prosecutions to the federal courts. In both *Younger* and *Sole* the result of federal intervention would have been to abort the state proceeding. In each case, the precise issues pending before the state were placed before the federal courts for a preclusive ruling on the merits. The situation here differs *toto coelo* from the typical *Younger* situation.

■ The bail proceeding is truly collateral. *Compare Gerstein v. Pugh*, 420 U.S. 103, 108 n.9, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (injunction against pre-trial detention without probable cause hearing not barred by comity since issue could not be raised in defense of the criminal prosecution.) No ruling of this Court on the bail issue will thwart, moot, pre-empt, or affect in any other way the appeal pending before the Rhode Island Supreme Court. This Court's consideration of the double jeopardy claim would extend only to finding it either frivolous or non-frivolous, a finding which in either case hardly binds my brethren on the Rhode Island Supreme Court on the merits.

Compare *Miller v. Hall*, 536 F.2d 967 (1st Cir. 1976), where on slightly different facts Judge Coffin found that the exhaustion requirement codified by Congress already incorporated the principles of comity, striking the proper balance between state and federal interests:

> As the Supreme Court has said in another context: "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 [30 L.Ed.2d 438] (1971). If the petition is denied on the merits, no state process will be interrupted. If the petition is meritorious, the "need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement'" comes into full play, and in the normal case will outweigh the interests of federalism opposing it.

Here, as in *Miller v. Hall*, *supra*, "the balance clearly tips in favor of unimpeded access to a federal court remedy on claims which have been exhausted". *Id.* 536 F.2d at 969. Judge Coffin noted, in words directly applicable to this case: "at least where, as here, petitioner has been in jail almost a year and a half [here, eight months] while his appeal is pending, it would be indefensible to refuse to consider a meritorious claim merely on the grounds that it might eventually be mooted by a favorable state court ruling on his appeal of unrelated issues."

This Court's finding that considerations of comity do not bar consideration of the collateral bail issue finds extensive support. The Second Circuit clearly did not feel constrained by considerations of comity to refuse to decide whether petitioner in *Abate* raised a non-frivolous claim. Indeed, that court thought that the relations between state and federal courts were made more harmonious by the very relief plaintiff here seeks. *United States ex rel. Abate v. Malcolm*, *supra*, 522 F.2d at 826. Where federal courts have declined to exercise jurisdiction over claims such as petitioners' here because of failure to exhaust state remedies, they have made it clear that they would reach the merits after exhaustion was completed. *See, e. g., In re Shuttlesworth*, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (1962) (federal habeas corpus jurisdiction retained pending exhaustion); *Goodman v. Kehl*, 456 F.2d 863, 870 (2d Cir. 1972) (Friendly, J.); *Bloss v. Michigan*, 421 F.2d 903, 907 (6th Cir. 1970); *Maldonado v. Delgado*, *supra*, 345 F.Supp. at 993 (jurisdiction retained pending exhaustion.)

As to whether the double jeopardy claim of petitioners is frivolous, as the state here asserts, calling it "a monumental impertinence," it suffices to compare the facts of the case, set forth *ante*, with the leading cases of *Benton v. Maryland*, 395 U.S. 784,

89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) and *United States v. Ball*, 163 U.S. 662 (1895), to see that the appeal is far from frivolous. Without passing on the merits of the double jeopardy claim, it is clear to the Court that only by disregarding completely all of the Supreme Court's double jeopardy decisions (the state's brief fails to cite or discuss any cases in its discussion of the double jeopardy claim) could the state have found petitioners' appeal "entirely frivolous."

## II

Petitioners' second claim is that the facts of this case make out a showing of arbitrary and capricious action sufficient to satisfy even the more rigorous standard of *Walker v. Twomey, supra* : that is, that the facts of this case show that bail has been denied for arbitrary or capricious reasons, thereby violating the Fourteenth Amendment.·

In *State v. Abbott and Freeman*, 322 A.2d 33, 35 (R.I.1974), the Rhode Island Supreme Court set forth the following four criteria for a trial justice to evaluate a request for bail pending appeal:

> "Consideration should be given to (1) whether the appeal is taken for delay or in good faith on grounds not frivolous but fairly debatable; (2) the habits of the individual regarding respect for the law insofar as they are relevant on the question of whether an applicant's release would pose a threat to the community; (3) local attachments to the community by way of family ties, business or investment; (4) the severity of the sentence imposed, and circumstances relevant to the question of whether a defendant would remove himself from the jurisdiction of the court."

Since petitioners are the same two people who were granted bail under these standards by the Supreme Court two years ago, and since none of the criteria except the legal grounds for their appeal have changed as to them, they argue that the decision to deny them bail "is as arbitrary and capricious an action as could be postulated".

They therefore petition this Court to set bail in the amount set two years ago by the Rhode Island Supreme Court. The state, on the other hand, explains that the Rhode Island Supreme Court must have denied bail because it thought the first criterion had changed: that is, because the Supreme Court found the appeal "not fairly debatable".

■ This Court cannot subscribe to either of the readings which the parties give to the denial of bail in the state courts. It is no more appropriate for this Court to assume that the state court acted capriciously than to assume that the state court found the appeal frivolous. The point is that the state may well have had reasons meeting the Fourteenth Amendment standard, but that it did not say what its reasons were. Under the circumstances presented here, sufficient doubt is raised to warrant the relief provided by the conditional writ, so that this Court will only have to decide the question whether the denial of bail was arbitrary when it knows exactly why bail was denied.

Accordingly, this Court grants petitioners' writ of habeas corpus, but will stay enforcement of the writ and requests the Rhode Island Supreme Court to consider either granting bail or issuing a statement of findings of fact that will enable a reviewing court to determine whether or not such denial was arbitrary.

The matter is accordingly stayed ten days.

So Ordered.