Kendall BROWN, Plaintiff,

v.

John WILMOT, Superintendent of Elmira Correction Center and Louis J. Lefkowitz, Attorney General of the State of New York, Defendants.

No. 77 Civ. 4317 (HFW).

United States District Court, S. D. New York.

Oct. 13, 1977.

Richard J. Klein, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen., New York City, by Clement Berne, New York City, of counsel, for defendants.

## MEMORANDUM

WERKER, District Judge.

Petitioner Kendall Brown was convicted by jury in New York State Supreme Court of the crime of robbery in the first degree on June 13, 1977 and was sentenced to an indeterminate prison term not to exceed seven years. He is currently incarcerated in the Elmira Correction and Reception Center in Elmira, New York. Subsequent to his conviction, petitioner applied for bail pending appeal to the Appellate Division and his application was denied by a justice of the Appellate Division without stated reasons for such denial. In the instant proceeding, Kendall Brown seeks a writ of habeas corpus, alleging that the denial of his application for bail pending appeal without stated reasons violates his rights to due process of law guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution.

The jurisdiction of this court is invoked pursuant to 28 U.S.C. section 2254(a) which permits a person held in state custody to apply for a writ of habeas corpus on the ground that he is being detained in violation of the Constitution of the United States. Section 2254(b) of title 28 requires that petitioner have exhausted state remedies before this district court will entertain an application of habeas corpus. Since the denial of an application for bail pending appeal is not an appealable order within the New York state court system, petitioner has exhausted his remedies under state law; therefore the jurisdictional requirement has been satisfied. *United States ex rel. Tuthill v. Sherwood,* 399 F.Supp. 32, 33 (S.D.N.Y. 1975). However, for the reasons stated below the petition for a writ of habeas corpus is denied.

It is well settled law that while there is no constitutional right to bail, *Abbott v. Laurie,* 422 F.Supp. 976, 978 (D.R.I. 1976), when a state created provision for bail pending appeal exists, bail must not be denied arbitrarily to those who apply for it. *United States ex rel. Walker v. Twomey,* 484 F.2d 874, 875 (7th Cir. 1973) (*per curiam*). Petitioner in this case argues that his denial of bail without stated reasons constitutes arbitrary action violative of his constitutional rights. I am not authorized to and will not substitute my judgment on the merits for that of the justice of the Appellate Division who denied bail to the petitioner, *United States ex rel. Tuthill v. Sherwood,* 399 F.Supp. at 34; rather, this habeas corpus review is confined to the sole issue of whether the petitioner's Eighth and Fourteenth Amendment rights were in fact violated due to the absence of reasons for his bail denial.

In reviewing the action of the justice of the Appellate Division, I note that there is no state requirement that written reasons be stated upon a denial of bail pending appeal. Petitioner had a full and

fair opportunity to present his request and reasons for bail before the justice who denied it and the decision denying bail was rendered in accordance with New York state procedures. *Cf. Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). (In *Stone* the Supreme Court noted "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." 428 U.S. at 494, 96 S.Ct. at 3052.) I am of the opinion that this reasoning is equally applicable to petitioner's due process claim here. Additionally, the state procedure of bail denial without reasons carries with it a presumption of regularity. *See United States ex rel. Walker v. Twomey*, 484 F.2d 874, 876 (7th Cir. 1973) (*per curiam*); *Natal v. People of Puerto Rico*, 424 F.Supp. 1082, 1085 (D.P.R. 1975); *United States ex rel. Kane v. Bensinger*, 359 F.Supp. 181, 183 (N.D.Ill.1972). To overcome such presumption, petitioner must show that the record provided no rational basis for the denial of bail. *United States ex rel. Kane v. Bensinger*, 359 F.Supp. at 184. This the petitioner has failed to do. In light of the seriousness of petitioner's offense (robbery in the first degree) the justice of the Appellate Division may be said to have had ample cause to deny bail pending appeal. Furthermore, I am not prepared to hold that a failure to provide reasons for denial of bail in a post-conviction context is *per se* arbitrary action in violation of Eighth and Fourteenth Amendment rights. *See United States ex rel. Kane v. Bensinger*, 359 F.Supp. at 183. Nor will this federal court impose a procedural requirement of stated reasons for bail denial upon the New York State courts. As was stated in *United States ex rel. Walker v. Twomey*, 484 F.2d at 876:

> The fact that articulation by a state court of its reasons for denial of release on bail would usually make it easier for a federal court, considering a petition for habeas corpus, to decide whether the denial could be said to have a rational basis,

does not authorize federal courts to impose that procedural requirement on state courts.

In so holding that a denial of bail pending appeal without stated reasons is not arbitrary action violative of constitutional rights under the Eighth and Fourteenth Amendments, this court is well aware of existing case law to the contrary. *See, e. g., United States ex rel. Abate v. Malcolm*, 397 F.Supp. 715 (E.D.N.Y.1975), *vacated*, 522 F.2d 826 (2d Cir. 1975); *Abbott v. Laurie*, 422 F.Supp. 978 (D.R.I.1976); *United States ex rel. Bad Heart Bull v. Parkinson*, 381 F.Supp. 985 (D.S.D.1974). However, for the reasons outlined above I decline to follow such contrary authority.

Moreover, although petitioner relies on *Abate* as authority within this particular circuit in support of his position, I find that case clearly distinguishable on its facts. *Abate* involved a petitioner, free on his own recognizance at the time of trial, who was subsequently sentenced to one year imprisonment after conviction of possession of stolen property. He was denied bail pending appeal. The prosecution, in opposition to bail pending appeal, did not rely on the trial record but merely issued to the judge denying bail a conclusory statement that an appeal would be "without merit," while the petitioner presented non-frivolous grounds for such appeal. Further, since the sentence was only for a term of one year, it was unlikely that a successful appeal would occur before either the greater part or all of the petitioner's sentence was served. Considering this particular set of facts, the district court judge determined that a conditional writ of habeas corpus should issue with a stay of execution to give the state court an opportunity to reconsider its denial of bail or to support such denial with findings of fact or reasons.

In the present case the facts are dissimilar. The conviction at hand involved robbery in the first degree—a crime most unlike the non-violent crime of possession of stolen property. Secondly, we cannot say that the major portion of Kendall Brown's indeterminate sentence with its seven year

maximum term will be served before his appeal is heard in state court, as was the case in *Abate.* Thirdly, although petitioner Brown has asserted what may ultimately prove to be a non-frivolous ground for appeal, the district attorney also has argued non-frivolous reasons, based on the record, why he thinks the appeal will fail. This case is very different from *Abate* where the district attorney uttered mere conclusions that an appeal was without merit to the judge who denied bail. As the Second Circuit noted, in *Abate* there was "serious ground for *reconsideration* of the denial of bail." 522 F.2d at 827 (emphasis added). No such element is present in the case at hand, and to order the state court judge to state reasons for his rationally based denial of bail would amount to nothing more than an exercise in futility. The writ of habeas corpus is therefore denied.

SO ORDERED.