Richard FLOWERS, Petitioner,

v.

Louis GRECO, Warden of New York City Detention Center for Men, Respondent.

No. 76 Civ. 4757.

United States District Court,
S. D. New York.

Feb. 22, 1978.

Richard Flowers, pro se.

William C. Bursten, Asst. Atty. Gen., State of New York Dept. of Law, New York City, for respondent.

## OPINION

GRIESA, District Judge.

This is a habeas corpus petition. Petitioner was convicted in Supreme Court, Bronx County, for armed robbery and related offenses. On June 11, 1976 he was sentenced by Justice Sullivan to terms from 12½ years to 25 years.

On the day of sentence petitioner applied to have bail fixed pending appeal. This application was denied by Justice Sullivan without a statement of reasons.

Petitioner is now prosecuting an appeal before the Appellate Division, First Department. The proceedings have been lengthy because of changes in petitioner's assigned counsel. It is not clear when the appeal will be finally argued and decided.

In this habeas corpus petition, challenge is made to the denial of bail pending appeal without statement of reasons. There is also a claim regarding trial error.

As to the claim of trial error, petitioner has clearly failed to exhaust his state remedies.

■ The bail claim is more difficult. State remedies have been exhausted. An application for bail pending appeal must be made to either the trial court or the Appellate Division. Such application cannot be made to both courts. Once having made the application to the trial court, there is no appeal. *People ex rel. Klein v. Krueger,* 25 N.Y.2d 497, 307 N.Y.S.2d 207, 255 N.E.2d 552 (1969).

There is a split of authority on the question of whether there is a denial of due process where a state court denied bail pending appeal without any statement of reasons. The Seventh Circuit has held this situation does not give rise to a valid constitutional claim. *United States ex rel. Walker v. Twomey,* 484 F.2d 874, 876 (7th Cir. 1973). Judge Werker of this Court has followed the Seventh Circuit opinion. *Brown v. Wilmott* (unreported memorandum October 13, 1977). On the other hand, Judge Platt of the Eastern District of New York has held that denial of bail without reasons does violate due process. *United States ex rel. Abate v. Malcolm,* 397 F.Supp. 715 (E.D.N.Y.1975). The Second Circuit provided an inconclusive review of the *Abate* decision, by holding the matter for a period of time during which the New York State Appellate Division was given the opportunity to reconsider the state prisoner's bail application. Upon such reconsideration, the Appellate Division granted bail, and the federal proceeding was ended. 522 F.2d 826 (2d Cir. 1975).

■ Although there is no absolute constitutional right to post-conviction bail pending appeal, once a state makes provision for such bail, some due process must be accorded to applicants. Such bail cannot be denied arbitrarily. *United States ex rel. Walker v. Twomey, supra* at 875. In my view, due process further requires a statement of reasons where an application is denied. The discussion of the Court of Appeals for the Second Circuit in connection with a parole case is applicable here.

> ". . . a statement of reasons will permit the reviewing court to determine whether the Board has adopted and followed criteria that are appropriate, rational and consistent, and also protects the inmate against arbitrary and capricious decisions or actions based upon impermissible considerations." *United States ex rel. Johnson v. Chairman, New York State Board of Parole,* 500 F.2d 925

(2d Cir. 1974), *vacated as moot sub nom.*, *Regan v. Johnson*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974).

■ Petitioner is to be released from incarceration unless, within fifteen days from the date of this order, the state court makes an appropriate statement of the reasons for denying bail. The Assistant District Attorney is to report at the end of fifteen days whether this has or has not occurred.

So ordered.